UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE P.A. WHITE

MARIO GODHIGH,

    Plaintiff,

v.                                    CASE NO.: 16-21486-Civ-MOORE

OFFICER JOSE PEREZ,

    Defendant(s).
_____/

MARIO GODHIGH,

    Plaintiff,

vs.                                   CASE NO.: 16-21487-Civ-MORENO

STATE OF FLORIDA,

    Defendant(s).
_____/

## REPORT RE DISMISSAL OF COMPLAINTS-28 U.S.C. §1915(g) AND DENIAL OF IFP MOTIONS

### I.   Introduction

    The Plaintiff, Mario Godhigh, a prolific multiple filer and no stranger to this court, while confined at Columbia Correctional Institution, has filed, within the last six months, eleven *pro-se* civil rights complaints, pursuant to 42 U.S.C. §1983.[1]

---

[1] See 15-24470-Civ-Martinez; 15-24474-Civ-Moore; 15-24581-Civ-Martinez; 15-24592-Civ-Ungaro; 15-24594-Civ-Moore; 16-20028-Civ-Martinez; 16-20029-Civ-Williams; 16-20030-Civ-Moreno; 16-20144-Civ-Gayles; 16-21486-Civ-Moore; and, 16-21487-Civ-Moreno.

    It is also worth mentioning at this juncture that plaintiff also filed five civil rights suits in 2012 which were dismissed for failure to prosecute, failure to comply with court orders, or for failure to state a claim upon which relief could be granted. See 12-21182-Civ-Moreno; 12-23219-Civ-Lenard; 12-23332-Civ-King; 12-23418-Civ-Hoeveler; and, 12-24305-Civ-Graham.

In his most recent two filings, as referenced above, Plaintiff raises claims resulting from his October 22, 2014 arrest by City of Miami Police Officer Jose Paz. In case no. 16-21486-Civ-Moore, Plaintiff alleges the officer lied in an affidavit and police report, indicating therein that Plaintiff had been advised of his Miranda[2] rights.

In related case no. 16-21487-Civ-Moreno, Plaintiff alleges that on March 28, 2015, there was no evidence adduced at trial to support his convictions for unoccupied burglary and grand theft. He suggests the trial court judge violated the law by allowing the prosecution to show pictures, to the jury, of the Plaintiff handcuffed to a police bench at the City of Miami Police Station. He further claims that the judge's statement during trial that Plaintiff was a "threat to society," was highly prejudicial.

These latest filings have been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Plaintiff has filed applications to proceed *in forma pauperis,* pursuant to the provisions of 28 U.S.C. §1915, in each case under review here. However, he has not attached his 6-month inmate account statement showing his prison account balance. Regardless, the motions have been denied by separate order, not only based on legal insufficiency, but because he is not entitled to pauper status. Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

2

distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

The instant complaint is subject to dismissal for various reasons, the simplest of which is Plaintiff's status as a "three-striker" under the provision of the Prison Litigation Reform Act ("PLRA").

## II. §1915(g)

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of the foregoing provision of the PLRA, referred to as "three strikes provision," has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Specifically, the Eleventh Circuit has determined that the new "three strikes" IFP provision does not violate an inmate's the First Amendment right of access to the courts; the doctrine of separation of judicial and legislative powers; the Fifth Amendment's right to due process of law; or, an inmate's right to equal protection. Id. at 721-27.

However, to invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, regarding imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that

serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). No such showing has been made here.

### A. Prior Filing History

While not all unsuccessful cases filed by prisoners qualify as strikes under 28 U.S.C. §1915(g), plaintiff, no stranger to this court, is a prolific multiple filer.

Plaintiff filed **two** prior §1983 civil rights suits, which were dismissed under §1915(e) for failure to state a claim upon which relief could be granted. See Godhigh v. LVS Sales, Case No. 12-23418-Civ-Hoeveler (S.D. Fla. Nov. 14, 2013)(dismissed for failure to state a claim, and appeal therefrom dismissed for lack of prosecution on February 13, 2013, in case no. 13-1000F); Godhigh v. Dade Correctional Institution, Case No. 12-24305-Civ-Graham (S.D. Fla. 2013)(§1983 dismissed on February 23, 2013, and no appeal therefrom prosecuted). These two cases qualified as strikes for purposes of §1915(g).

Plaintiff also filed **three** §1983 civil rights lawsuits, which were dismissed for lack of prosecution because the Plaintiff failed to comply with court orders. See Godhigh v. State of Florida, Case No. 12-21182-Civ-Moreno (Order adopting Report recommending dismissal for want of prosecution entered 6/29/2012 and no appeal prosecuted); Godhigh v. State of Florida, Case No. 12-23219-Civ-Lenard (S.D. Fla. Dec. 12, 2012)(Report recommending dismissal for lack of prosecution adopted, and appeal therefrom dismissed for

5

failing to pay docketing and filing fees); Godhigh v. Myers, et al., Case No. 12-23332-Civ-King (S.D. Fla. 2012)(Report dismissing case for lack of prosecution adopted Nov. 13, 2012, and appeal dismissed for failure to pay fees on Feb. 4, 2013).

Dismissals for failure to comply with court orders fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under §1915(g). See Rivera, 144 F.3d at 731; see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir.)(characterizing failure to comply with court orders as "abuse of the judicial process"), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); Allen v. Clark, 266 Fed.Appx. 815, 817 (11th Cir. 2008)(counting a dismissal for failure to prosecute as a strike for purposes of 28 U.S.C. §1915(g)); Crummie v. Veloz, 2010 WL 5059560 at *2-3 (S.D.Fla. Nov. 10, 2010)(summarizing the types of dismissals that are considered "strikes" in the Eleventh Circuit).

Besides the above-listed cases, plaintiff filed a habeas petition, pursuant to 28 U.S.C. §2241, which was also dismissed for want of prosecution on the basis that plaintiff had failed to comply with prior court orders. See Godhigh v. State of Florida, Case No. 12-23665-Civ-Lenard (S.D. Fla. Feb. 7, 2013) (Report recommending dismissal for want of prosecution where plaintiff failed to comply with court orders to amend adopted, and no appeal therefrom prosecuted). Thus, this prior case also qualified as a strike for purposes of determining §1915(g) status.

Next, plaintiff filed a total of **seven** §1983 complaints, which have been dismissed under §1915(g). See Godhigh v. Cemex Corp., Case No. 15-24470-Civ-Martinez; Godhigh v. State of Florida, Case No. 15-24474-Civ-Marra; Godhigh v. Judge Murphy, Case No. 15-24581-

6

Civ-Martinez; Godhigh v. City of Miami, Case No. 15-24592-Civ-Ungaro; Godhigh v. State of Florida, Case No. 15-24594-Civ-Moore; and, Godhigh v. State of Florida, 16-20144-Civ-Graham.

Based upon the review of Plaintiff's extensive civil rights litigation history in this court, as narrated above, it is clear that Plaintiff has had much more than three civil actions that qualify as strikes pursuant to §1915(g). He is, therefore, barred from proceeding *in forma pauperis* in this Court unless he can show that he was under imminent danger of serious physical injury. See 28 U.S.C. §1915(g). He has made no such showing in either of the two cases under review here.

### B. "Imminent Danger" Exception

Regarding the "imminent danger exception," Plaintiff has not paid the Court's filing fee, but has filed leave to proceed *in forma pauperis* in this case, which has been denied by separate court order. The filing fee is legally insufficient as it does not contain the inmates 6-month account statement certified by the facility whereat plaintiff is currently confined. Regardless, Plaintiff is barred from proceeding *in forma pauperis* in this or any other federal court pursuant to 28 U.S.C. §1915(g) unless he can show that he was under imminent danger of serious physical injury at the time he filed his complaint. No such showing has been made here.

The Eleventh Circuit has held that in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, to-wit, imminent danger

7

of serious physical injury at the time of filing the lawsuit. See Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

To invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Full and careful review of these latest Complaints indicates that the plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. Since Plaintiff has not paid the filing fee and has made no factual allegations to support a finding that he was in imminent danger of serious injury at the time of filing, dismissal of the instant civil rights action is appropriate.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it is generally recommended that

the complaint be dismissed without prejudice to the plaintiff filing a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Initial review of the instant complaints by the undersigned appears to indicate that these cases would most likely not survive such screening if it were to be refiled in the future with the full filing fee.

### III. Recommendations

Based upon the foregoing, it is recommended that: (1) the complaints (DE#1) filed in case nos. 16-21486-Civ-Moore and 16-21487-Civ-Moreno, respectively, be DISMISSED, pursuant to 28 U.S.C. §1915(g); see Dupree, 284 F.3d at 1237 (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*); (2) that all pending motions not otherwise ruled upon be dismissed; and, (3) that this civil action be CLOSED.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011

9

WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 2nd day of May, 2016.

                                              UNITED STATES MAGISTRATE JUDGE

cc:  Mario Godhigh, Pro Se
     DC# M28779
     Madison Correctional Institution
     Inmate Mail/Parcels
     382 SW MCI Way
     Madison, FL 32340